IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:16-CR-248 |
| vs. | |
| JORGE ALBERTO SAINZ NAVARRETE, | ORDER ON MOTION TO COMPEL |
| Defendants. | |

This matter is before the Court on Defendant Jorge Alberto Sainz Navarrete's *pro se* Motion to Compel, which requests that the Court order his appellate counsel to produce "all documents pertaining to [Defendant's] case," including trial transcripts, so that he can file a habeas petition under 28 U.S.C. § 2255. Filing 479. Cognizant that *pro se* filings should be construed liberally, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), the Court interprets the Motion as a request to issue a subpoena *duces tecum*. Because Defendant has not yet filed a habeas petition, the Court denies this Motion as premature.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna,* 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley,* 520 U.S. 899, 994 (1997)). Rule 6 of the Rules Governing Section 2255 Proceedings authorizes discovery in a habeas proceeding with leave of court if a petitioner shows good cause. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy,* 520 U.S. at 908–09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). Moreover, the petitioner must provide the reasons for the discovery requests and must specify any requested documents. *See* Rule 6(b) of the Rules Governing Section 2255 Proceedings.

1

Here, Defendant has not filed a habeas petition. The Court cannot order discovery in a habeas proceeding before the habeas petition has been filed.[1] *See United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) ("A prisoner is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate."); *see also Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) (holding that pre-petition discovery in a federal habeas proceeding is impermissible); *Orbe v. True*, 201 F. Supp. 2d 671, 681 (E.D. Va. 2002) ("[F]ederal district courts do not have authority to order prepetition discovery in capital habeas cases."). Moreover, the Court notes that Defendant's Motion does not meet the requirements of Rule 6. His blanket request for "all documents pertaining to [Defendant's] case" does not identify the documents with requisite specificity. *See Greenwell v. United States*, No. 4:13-CV-2566 CAS, 2014 WL 1116759, at *1 (E.D. Mo. Mar. 20, 2014) (requests for "all discovery materials pertaining to" the petitioner's criminal case and "all transcripts of pretrial, change of plea, and sentencing hearing" did not comply with Rule 6); *Copp v. United States*, No. 4:22-CV-40 AGF, 2022 WL 1618426, at *2 (E.D. Mo. May 23, 2022) (requests for "CD files" and copies "of motions sent or received" do not comply with Rule 6). Accordingly,

IT IS ORDERED that Defendant's Motion to Compel, Filing 479, is denied.

---

[1] Defendant represents in his Motion that he has attempted to obtain trial transcripts and legal paperwork from his appellate attorney, but that his attorney has ignored Defendant's correspondence. Filing 479 at 2. The Court notes that Nebraska Rule of Professional Conduct § 3-501.4 requires attorneys to "promptly comply with reasonable requests for information." *See also State ex rel. Couns. for Discipline of Nebraska Supreme Ct. v. Thew*, 794 N.W.2d 412, 416 (Neb. 2011) (noting, in disciplinary proceeding, that client's former counsel failed to respond to requests for the client's case file). The Court therefore acknowledges that Defendant in this case should be able to obtain his case file, but the Court also concludes that this Court is not the proper avenue to obtain the file at this time.

Dated this 9th day of November, 2022.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge